STATE OF NEVADA, PETITIONER, v. EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK, THE HONORABLE ALVIN N. WARTMAN, A DISTRICT JUDGE THEREOF, RESPONDENT.

No. 5759

July 22, 1969 457 P.2d 217

*Harvey Dickerson,* Attorney General, *Daniel R. Walsh,* Chief Deputy Attorney General, for Petitioner.

*George E. Franklin, Jr.,* District Attorney, *Richard D. Weisbart,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On October 23, 1968, the respondent, Alvin N. Wartman, Judge of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, sentenced Charles Ronald Black, hereinafter referred to as the "defendant", who had been found guilty of burglary by a jury verdict as follows: "Ten (10) years, eight (8) years of sentence will be suspended and following the serving of period of two (2) years placed on probation for three (3) years."

An original petition for mandamus was filed in this court by the petitioner against the respondent, Alvin N. Wartman, and the respondent district court. The object of the petition is to compel the judge or the district court to set aside that part of the judgment purporting to suspend eight years of a ten year sentence and granting the defendant three years probation after he has served two years in the Nevada State Prison, or in the alternative to compel the judge or district court to resentence the defendant.

The petitioner contends the sentence is both illegal and unconstitutional because the respondent exceeded his jurisdictional authority when he suspended part of the sentence and placed the defendant on probation following two years of incarceration. We agree.

At the outset the respondent asserts that the writ of mandamus is not available to the petitioner in the present action. This contention is without merit. Mandamus is a proper remedy to compel the vacation of a judgment which unlawfully suspends the execution of a sentence in a criminal case. Ex parte United States, 242 U.S. 27 (1916); State v. Zangerle, 26 N.E.2d 190 (Ohio 1940); People ex rel. Swanson v. Williams, 185 N.E. 598 (Ill. 1933).

In Pinana v. State, 76 Nev. 274, 352 P.2d 824 (1960), this court held: "The subject of parole in this state is within the legislative authority given by the constitution to the legislature. Art. 4, Sec. 1, Nevada Constitution. Parole is not a constitutional right; it is a right bestowed by legislative grace. (Citation omitted.)" Likewise it is the legislature's prerogative to set the limits within which the judiciary may function when granting probation. Article 5, Section 14 of the Nevada Constitution provides in part: ". . . The legislature is authorized to pass laws conferring upon the district courts authority to suspend the execution of sentences, fix the conditions for, and to grant probation, and within the minimum and maximum periods authorized by law, fix the sentence to be served by the person convicted of crime in said courts."

At common law the courts had no power to suspend the imposition of sentence. State v. Douglas, 349 P.2d 622 (Ariz. 1960) and State v. Zangerle, supra. Nor do trial courts have inherent power to suspend the imposition or execution of a sentence and may order such suspension only as authorized by statute. People ex rel. Swanson v. Williams, supra. Such statutory power must be strictly construed.

Here the judge was required to suspend the entire sentence and then place the defendant on such probation as within his discretion appeared appropriate. Article 5, Section 14, Nevada Constitution. NRS 176.033 and NRS 176.185; NRS 213.1099; NRS 213.110 and NRS 213.120; State v. Braunstein, 136 A. 199 (N.J. 1927); Campbell v. State, 287 P.2d 713 (Okla. Crim.App. 1955). He could not suspend part of the sentence nor could he place the defendant on probation after he had served a period of time in prison.

Although the judge stated that he was placing the defendant on probation for three (3) years following two (2) years incarceration, what he was in effect doing was granting a delayed parole.

In Ex parte United States, supra, the court said: "And the

effect of the proposition urged upon the distribution of powers made by the Constitution will become apparent when it is observed that indisputable also is it that the authority to define and fix the punishment for crime is legislative and includes the right in advance to bring within judicial discretion, for the purpose of executing the statute, elements of consideration which would be otherwise beyond the scope of judicial authority, and that the right to relieve from the punishment, fixed by law and ascertained according to the methods by it provided, belongs to the executive department."

In this state the granting of any relief from punishment after incarceration in the state prison is an executive function authorized by the legislature and performed by the state board of parole commissioners, (NRS 213.1099; NRS 213.110 and NRS 213.120) or by the state board of pardons commissioners. (NRS 213.010–213.100.)

In this case the sentence pronounced against the defendant by the judge was a judicial invasion into the legislative and executive fields, in contravention of Article 3, Section 1 of the Nevada Constitution.[1]

The failure to properly sentence does not render the trial and proceedings a nullity. When an improper sentence is the sole basis of the complaint no vacation of conviction or adjudication is necessary since justice may be done by correction of the sentence. Warden v. Peters, 83 Nev. 298, 429 P.2d 549 (1967); Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966); Osborne v. State, 82 Nev. 342, 418 P.2d 812 (1966); Dixon v. State, 83 Nev. 120, 424 P.2d 100 (1967). The trial court has inherent jurisdiction to vacate or modify its orders and judgments. Warden v. Peters, supra.

In State v. Johnson, 75 Nev. 481, 346 P.2d 291 (1959), this court said: "Where the penal statute gives no discretion to the trial court in fixing the punishment, it would be proper for this court without remand to modify the sentence to conform to the statute. State v. Moore, 48 Nev. 405, 233 P. 523. In this case, however, the applicable statute does give discretion, limited as it is to the amount of the fine."

Because of the discretion vested in the trial court, we direct,

[1]Article 3, § 1: "The powers of the Government of the State of Nevada shall be divided into three separate departments,—the Legislative,—the Executive and the Judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others, except in the cases herein expressly directed or permitted."

in this instance, that the case be remanded and that the trial judge correct the sentence in accordance with the applicable statutes, his discretionary power, and this opinion.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.