THE STATE OF NEVADA, APPELLANT, v. MICHAEL GEORGE CLARK, RESPONDENT.

No. 7533

April 5, 1974                          520 P.2d 1361

*Robert List,* Attorney General, *Herbert F. Ahlswede,* Chief Deputy Attorney General, Carson City; and *Roy A. Woofter,* District Attorney, Clark County, for Appellant.

*Morgan Harris,* Public Defender, and *Robert L. Stott,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

This appeal is taken by the State from an order entered by the district court granting post-conviction relief correcting respondent's sentence to a term of one year and three months from an original sentence of four years for the unlawful sale of narcotics.

At the time sentence was first pronounced against the appellant the district judge had before him a memorandum from the chief parole and probation officer of the board of parole commissioners, which he interpreted to suggest that most inmates need supervision and guidance when released from prison, that such service could not be rendered to prisoners serving out short sentences but could be rendered to prisoners who were serving sentences up to six years and who would be eligible for parole for actually serving, in a successful manner, one year or less at the state prison.

The trial judge, believing that parole would very likely be granted after one year if appellant served that year in an exemplary manner, pronounced a four-year sentence.

After serving one year appellant was denied parole. He then petitioned the district court for post-conviction relief pursuant to NRS 177.315 et seq., and the matter came before the district judge who had imposed the original sentence. During the course of the post-conviction hearing the district judge learned that while incarcerated appellant had conducted himself in an exemplary manner and had been given recommendation for parole by the prison authorities.

Relying upon United States v. Myers, 374 F.2d 707, 710 (3rd Cir. 1967), and other cases of similar stature, the district judge changed the sentence from four years to one year, three months, nunc pro tunc, and said: "[I] am correcting it because this Court considered a decision of policy which apparently is not a policy considered by the parole commissioners. And had this Court been aware that this would have been the fact, it would not have imposed the sentence of 4 years in the Nevada State Prison."

The State urges that the determination of the trial court constitutes an unlawful invasion into one of the functions of the legislative branches of the government and therefore is invalid.

1. This court ruled in Warden v. Peters, 83 Nev. 298, 429 P.2d 549 (1967), that when a trial court errs in rendering a judgment and that mistake is one of fact, the trial court can correct its own mistake. Some errors are clerical, for instance, the insertion of a wrong date allowing nunc pro tunc correction; or the imposition of a sentence not provided by statute, such as in Peters, supra, who was sentenced for a completed crime instead of an attempt to commit the crime. The incorrect sentence was modified to impose the penalty for the attempt to commit that crime. Compelling a defendant to serve a period of incarceration longer than the penalty provided is manifestly unfair and constitutionally infirm.

Nowhere, however, does the parole department bulletin, relied upon by the trial court, guarantee the amount of time to be served. The experienced trial judge knew that after sentencing the matter of parole is in the hands of the parole board subject to the rules and discretion of that body. The court was aware that Clark was subject to the board's function of review in stating that if Clark conducted himself as a good inmate and had the recommendation of the prison authorities that *very likely* he would be paroled after the term of one year. The term "very likely" shows that court's awareness that Clark's release was subject to the parole board's approval. Despite the favorable recommendation of the prison authorities the board's refusal was based on solid reasons which included Clark's past record for the same or similar offense for which he was convicted and now serving time.

2. If the judge was of the opinion at the time of sentencing that Clark should spend only one year in prison, he did not so state in the record nor did he communicate his suggestion to the parole board as is sometimes done. Such a recommendation while not binding might have been of assistance in the board's consideration of the case.

Nevertheless, the sentence when imposed was statutorily proper. Now by subsequent action a trial court cannot do indirectly what we stated in State v. District Court, 85 Nev. 485, 457 P.2d 217 (1969), cannot be done directly. This action violates the intent and purpose of parole statutes and constitutes an invasion of the legislative and executive functions of government. State v. District Court, supra, p. 488. In this State the granting of relief from incarceration is authorized by the legislature and performed by the state board as an executive function. NRS 213.1099; NRS 213.110; NRS 213.120.

If, of course, an inequity can be shown, it is possible that Clark can seek immediate relief before the State Board of Pardons Commissioners. (NRS 213.010; NRS 213.100.) That constitutional body is distinctive and separate from the parole department.

Reversed.

THOMPSON, C. J., and GUNDERSON, J., concur.

BATJER, J., with whom MOWBRAY, J., agrees, dissenting:

I respectfully dissent from the majority opinion filed in this case.

In Townsend v. Burke, 334 U.S. 736 (1948), the United States Supreme Court remanded for re-sentencing where it appeared that the defendant was sentenced "on the basis of assumptions concerning his criminal record which were materially untrue," and where the High Court declared: "Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand." 334 U.S. at 741. The High Court made it clear that a sentence cannot be predicated on false information.

In each of the cases cited and relied upon by the respondent, it was necessary for the appellate court to examine the record and to structure therefrom an opinion that the sentence given by the trial judge had been influenced either by erroneous material or a misinterpretation of accurate material resulting in a violation of the convicted person's right to due process. Here we face no such task because the trial judge has acknowledged his misconception of a policy of the parole board and has admitted that upon that misconception he gave the appellant a sentence of four years rather than the one year that he would have given.

It is not the misinformation that results in the denial of due process, but the attitude of the trial judge at the time of sentencing either based upon, or colored by, misinformation or a

misinterpretation that results in an error of constitutional magnitude.

This is not a case of judicial invasion into the legislative and executive fields in contravention of Article 3, Section 1 of the Nevada Constitution.[1] Neither is it granting a relief from punishment after incarceration, which is an executive function authorized by the legislature and performed by the state board of parole commissioners, (NRS 213.107–213.160), or by the state board of pardons commissioners. (NRS 213.010–213.100.)

Unlike the facts in State v. District Court, 85 Nev. 485, 457 P.2d 217 (1969), where the district judge did not follow the statutory provisions governing probation and attempted to suspend part of a prison sentence and place the defendant on probation after he had served a period of time in prison, the district judge here followed the statutory provisions and corrected a sentence which he believed violated the appellant's right to due process. NRS 177.320.[2] See also, Warden v. Peters, 83 Nev. 298, 429 P.2d 549 (1967).[3]

The facts in this case are more akin to those found in Crowe v. State, 194 N.W.2d 234 (S.D. 1972), where the trial judge misread an accurate F.B.I. report. There, although the post-conviction court found no error in the trial court's sentence, the appellate court, relying on United States v. Tucker, 404 U.S. 443 (1972), found that the petitioner's right to due process had been violated, and remanded for sentencing.[4]

---

[1]Article 3, Section 1: "The powers of the Government of the State of Nevada shall be divided into three separate departments,—the Legislative,—the Executive and the Judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others, except in the cases herein expressly directed or permitted."

[2]NRS 177.320: "The jurisdiction of the district court in post-conviction relief hearings to find in favor of a petitioner is limited to those cases in which the court finds that there has been a specific denial of the petitioner's constitutional rights with respect to his conviction or sentence."

[3]In Warden v. Peters, supra, this Court, in announcing the rule that a trial court possessed the power to set aside a judgment of conviction after a plea of guilty, and commencement of sentence in a proper case for correction of sentence, said: "The fact remains that courts which make a mistake in rendering a judgment which works to the extreme detriment of the defendant will not allow it to stand uncorrected." 83 Nev. at 301, 429 P.2d at 551.

[4]In United States v. Tucker, supra, the High Court said: ". . . we deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude." 404 U.S. at 447.

Although a district court judge may exercise a wide discretion in the sources and type of information used to assist him in determining an appropriate, just and enlightened sentence, Williams v. New York, 337 U.S. 241 (1949), the sentencing procedure is not immune from scrutiny under the Due Process Clause.[5] See Townsend v. Burke, supra.

". . . [M]aterial false assumptions as to any facts relevant to sentencing, renders the entire sentencing procedure invalid as a violation of due process." United States v. Malcolm, 432 F.2d 809, 816 (1970). United States v. Tucker, supra; Townsend v. Burke, supra.

I would affirm the judgment of the district court.

---

[5]Nevada Constitution, Article 1, § 3. The Fifth Amendment of the United States Constitution made applicable to the States by the Fourteenth Amendment.