THE STATE OF NEVADA, Petitioner, v. THE HONORABLE PETER I. BREEN, Assigned District Judge, in and for Carson City, Respondent.

No. 11188

March 15, 1979                                         591 P.2d 1141

*Richard H. Bryan,* Attorney General, and *Robert A. Bork,* Deputy Attorney General, Carson City, for Petitioner.

*Norman Y. Herring,* State Public Defender, and *Will G. Crocket,* Deputy Public Defender, Carson City, for Respondent.

## OPINION

*Per Curiam:*

John R. Thomas was convicted of escaping from the Nevada

State Prison. At the sentencing hearing on September 11, 1978, respondent Peter I. Breen, a judge of the Second Judicial District Court under temporary assignment to the First Judicial District Court, adjudicated Thomas to be an habitual criminal and imposed a sentence of "life with the possibility of parole." The sentence for being an habitual criminal was suspended and Thomas "was granted probation for five years *concurrent* to his existing sentence." (Emphasis added.)

The state has petitioned for a peremptory writ of mandamus to compel correction of the sentence, contending that respondent exceeded his authority in imposing a "concurrent" rather than a "consecutive" sentence because NRS 176.035(2) requires that where, as here, "a person under sentence of imprisonment commits another crime constituting a felony and is sentenced to another term of imprisonment for such felony, such latter term shall not begin until the expiration of all prior terms." We agree. Although the statute does not expressly require the imposition of a "consecutive" sentence, such a requirement is implicit in its language.

Accordingly, the peremptory writ of mandamus shall issue, forthwith, compelling respondent to vacate the sentence imposed September 11, 1978, and to resentence John R. Thomas in accordance with the statutory mandate of NRS 176.035(2). *See* State v. District Court, 85 Nev. 485, 457 P.2d 217 (1969).