THE STATE OF NEVADA, Ex Rel. NEVADA DEPARTMENT OF PRISONS, Appellant, *v.* JAMES KIMSEY, Respondent.

No. 23122

May 27, 1993                                    853 P.2d 109

[Rehearing denied November 2, 1993]

---

*Frankie Sue Del Papa,* Attorney General and *George H. Taylor,* Deputy Attorney General, Carson City, for Appellant.

*Plater & Picker,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Although the procedural history of this case is lengthy and complex, the facts necessary to our consideration of this appeal are briefly stated. On May 21, 1987, the district court entered four different judgments of conviction, consisting of nineteen counts, against respondent James Kimsey. The district court sentenced Kimsey to nine consecutive terms of two years each to be served concurrently with six consecutive terms of three years each. These sentences are to be served concurrently in the Nevada State Prison with two concurrent prison terms of four years, one prison term of five years, and one term of six months in the county jail.

Subsequently, the district court entered two amended judgments of conviction. Each of the amended judgments of conviction included a statement by the district court that it was the district court's intention to sentence Kimsey to a single eighteen-year term in the aggregate for the purpose of parole eligibility. The Department of Prisons refused to treat Kimsey's sentences as a single eighteen-year term. Eventually, Kimsey filed in the district court a petition for a writ of mandamus. On March 9, 1992, the district court granted Kimsey's petition. The writ commands the Nevada Department of Prisons to treat Kimsey's sentences as a single eighteen-year term in the aggregate for the

purposes of evaluating Kimsey's eligibility for parole. This appeal followed.

The state contends that the district court exceeded its jurisdiction in modifying Kimsey's sentence after Kimsey began serving the sentence. Specifically, the state contends that: (1) no statutory authority permits the district court to sentence Kimsey to a single eighteen-year term in the aggregate; (2) no statutory authority permits modification of a defendant's sentence based upon the district court's misapprehension of the effect on the defendant's parole eligibility of stacking several sentences consecutively and concurrently; and (3) the doctrine of separation of powers prohibits the judicial branch from interfering with the executive function of determining eligibility for parole. We agree.

## The Aggregate Sentence

NRS 176.033(1) provides, in relevant part:

If a sentence of imprisonment is required or permitted by statute, the court shall:

(a) Sentence the defendant to imprisonment for a definite period of time within the maximum limit or the minimum and maximum limits prescribed by the applicable statute, taking due account of the gravity of the particular offense and of the character of the individual defendant[.]

NRS 176.035(1) provides, in relevant part: "[W]henever a person is convicted of two or more offenses, and sentence has been pronounced for one offense, the court in imposing any subsequent sentence may provide that the sentences subsequently pronounced run either concurrently of consecutively with the sentence first imposed."

The sentencing structure, as set forth in the Nevada Revised Statutes, does not contemplate "aggregate sentences for the purpose of parole eligibility." There is no authority for the proposition that the district court may sentence a defendant convicted of multiple offenses to an aggregate sentence for the purpose of parole eligibility. Thus, the state correctly contends that the district court exceeded its jurisdiction in commanding the Nevada Department of Prisons to treat the criminal judgments against Kimsey as a single eighteen-year term in the aggregate for the purposes of parole eligibility.

## The Modification of Kimsey's Sentence

The state also contends that the district court exceeded its

jurisdiction because no statutory authority permits modification of a defendant's sentence based upon the district court's misapprehension of the effect on the defendant's parole eligibility of stacking several sentences consecutively. Kimsey argues that, as the district court stated in its amended judgment of conviction, the district court did not modify his sentence, but merely corrected a clerical or ministerial error. Kimsey also argues that even if this court considers the district court's order to be a modification, the modification was nevertheless valid.

In State v. District Court, 100 Nev. 90, 97, 677 P.2d 1044, 1048-49 (1984), this court concluded:

> [N]ot every mistake or error which occurs during sentencing gives rise to a due process violation. The cases implicitly recognize this point; a due process violation arises only when the errors result in "materially untrue" assumptions about a defendant's record. . . . Accordingly, we hold that if a sentencing court pronounces sentence within statutory limits, the court will have jurisdiction to modify, suspend or otherwise correct that sentence if it is based upon materially untrue assumptions or mistakes which work to the extreme detriment of the defendant.

(Citations omitted). Further, we held that a materially untrue foundation "can result either from the district court's reliance upon untrue information, or from the court's subjective misapprehension of otherwise true information." Id. at 98, 677 P.2d at 1049.

This court has also held, however, that the doctrine which permits a district court to correct a sentence does not apply to situations where the district court has misapprehensions about the legal consequences of the defendant's sentence. See Passanisi v. State, 108 Nev. 318, 831 P.2d 1371 (1992) (because the availability of an honor camp was not a mistake concerning the appellant's record, and the appellant's sentence was not illegal, district court had no authority to modify appellant's sentence after he began to serve the sentence); Staley v. State, 106 Nev. 75, 787 P.2d 396 (1990) (district court lacked jurisdiction to modify sentences after the appellant began serving the sentences where there was no mistake about the appellant's record and there was no mistake which worked to the extreme detriment of the appellant). In the instant case, the district court attempted to modify Kimsey's sentence because of the district court's misapprehension of the parole consequences of stacking several sentences. This misapprehension was a mistake of law rather than a mistake about Kimsey's past record. Thus, we conclude that the district court exceeded its jurisdiction in modifying Kimsey's sentence.

*Separation of Powers*

The state contends that the district court does not have the authority to dictate the terms of Kimsey's parole eligibility. "In this State the granting of relief from incarceration is authorized by the legislature and performed by the state board as an executive function." State v. Clark, 90 Nev. 144, 147, 520 P.2d 1361, 1363 (1974). In *Clark,* this court concluded that the district court could not modify a defendant's sentence based upon the district court's misunderstanding of the defendant's eligibility for parole. *Id.*[1] "[O]nce a person is incarcerated in the state prison and is subject to the power of the executive parole board, *see,* NRS 213.107-290, the power to alleviate the sentence rests entirely with the executive branch." Creps v. State, 94 Nev. 351, 358, 581 P.2d 842, 847 (1978). Once Kimsey began serving his sentence, the district court lacked jurisdiction to control Kimsey's sentence or to direct the Department of Prisons regarding Kimsey's sentence.

We conclude that the district court exceeded its jurisdiction in granting Kimsey's petition for a writ of mandamus.[2] Accordingly, we reverse the order of the district court granting the petition for a writ of mandamus.

---

[1]Kimsey argues that *Clark* is easily distinguished from this case because, in *Clark,* the district court actually changed the defendant's sentence from a term of four years to a term of one year and three months, and in this case the district court did not actually change the defendant's sentence from nineteen small sentences to one large sentence, but simply commanded the department of prisons to treat the sentence as a single eighteen-year term in the aggregate. This is a distinction in form only and not a distinction of substance.

[2]We have also considered the other arguments raised on appeal and conclude that they need not be addressed given our disposition in this matter.