54 F.3d 786
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alfred SWARTZ, Plaintiff-Appellant,
v.
Ron ANGELONE; Karl L. Sannicks; Robin Bates; Patricia
McGaffin, Defendants-Appellees.
 No. 94-16740.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 24, 1995.*
Decided May 10, 1995.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Swartz, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 claim as unripe. Swartz argues that his amended complaint states a cognizable claim arising from Nevada's alleged unconstitutional refusal to apply credit to his state criminal sentence.[1] We affirm.
 
 
 3
 Swartz pleaded guilty to theft and was sentenced to ten years in Nevada state prison (C96173), to be served concurrently to a previously imposed federal sentence. Swartz subsequently pleaded guilty to embezzlement and was sentenced to an additional nine years in prison (C96341). The embezzlement sentence also is to be served concurrently to the federal sentence but consecutively to the theft sentence in C96173. Swartz filed a motion seeking to have the time he spent in state and federal custody, 630 days, before being sentenced applied to his embezzlement sentence in C96341. The state court granted Swartz's motion and ordered the Department of Prisons to credit Swartz's time so served.
 
 
 4
 In December, 1993, Swartz wrote to the Department of Prisons to find out why the credits had not been applied to his embezzlement sentence. The Department of Prisons informed Swartz that, because the two sentences are to be served consecutively, the credit for time served will not be applied to his nine-year embezzlement sentence until after he is either paroled or discharged from his current theft sentence. Apparently not reassured by this information, Swartz filed this lawsuit.
 
 
 5
 Ordinarily, Swartz's claim to have credit applied to his sentence would be treated as a habeas claim, see Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1989), cert. denied, 498 U.S. 1126 (1991), and be dismissed for failure to exhaust state remedies, see Rose v. Lundy, 455 U.S. 509, 520-22 (1982). His 42 U.S.C. Sec. 1983 claim would also be dismissed as unripe. See Heck v. Humphrey, 114 S. Ct. 2364, 2372-73 (1994).
 
 
 6
 In this case, however, the district court properly dismissed his claim as unripe.[2] See United States v. Linares, 921 F.2d 841, 843-44 (9th Cir. 1990) (explaining that a court should dismiss a case as unripe when a party is attempting to challenge a hypothetical situation that has not occurred and may not occur). While the state of Nevada's brief indicates that the embezzlement sentence was to commence in February 1995, this in no way moots Swartz's claim.
 
 
 7
 "The ripeness doctrine prevents courts, through avoidance of premature adjudication, from entanglement in theoretical or abstract disagreements that do not yet have a concrete impact on the parties." 18 Unnamed John Smith Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989). An issue is unripe when it involves "'contingent future events that may not occur as anticipated, or indeed not occur at all."' Id. (quoting Thomas v. Union Carbide Agric. Prods., 473 U.S. 568, 580-81 (1985)). To determine whether an issue is ripe, courts apply a two-prong test that focuses on "'both the fitness of the issue[] for judicial decision, and the hardship to the parties of withholding court consideration."' Id. (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967)).
 
 
 8
 Swartz's claims are not fit for judicial review because the action he is complaining about, defendants' decision not to apply credit for time served, had not yet occurred when he brought this action. Dismissal was appropriate because no final decision regarding the application of credit had been made; Swartz had not yet begun serving the embezzlement sentence to which the credit is to be applied. See Hopper v. United States Parole Comm'n, 702 F.2d 842, 845 (9th Cir. 1983) (habeas petition seeking application of credit was premature because the hearing to decide whether to apply pretrial custody credit to sentence had not yet been held). Under Nevada law, the second of two consecutive sentences does not begin to run until the expiration of the first sentence. See State v. Breen, 591 P.2d 1141, 1142 (Nev. 1979) (per curiam). Nevada law also makes clear that credit awarded for time served "does not alter the date from which the term of imprisonment is computed." Nev. Rev. Stat. Sec. 176.055. Therefore, the application (or denial) of credit to Swartz's embezzlement sentence is not to take place until he is finished serving his theft sentence. See id.
 
 
 9
 Applying the hardship factor, we conclude that withholding court review causes no hardship to Swartz. He has not suffered any harm because he is not entitled to have the credits applied until after he begins serving the second consecutive sentence. Although threatened future injury may be sufficient to create standing when "'the injury is certainly impending,"' 18 Unnamed John Smith Prisoners, 871 F.2d at 883 (quoting Thomas, 473 U.S. at 581), there is no such certainty of future harm in this case. Indeed, the record suggests that the credits will be, or perhaps already have been, applied to Swartz's embezzlement sentence when he begins serving it.
 
 
 10
 For these reasons, the district court did not err in dismissing Swartz's claims.
 
 
 11
 The district court's judgment is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Swartz also argues that the district court erred by setting aside the entry of default against defendants. We need not reach this issue, however. Regardless of whether defendants should have been held in default and thereby precluded from raising the ripeness issue, the district court was obliged to make an independent determination of ripeness, which involves the existence of a live "Case or Controversy." See Regional Rail Reorganization Cases, 419 U.S. 102, 138 (1974). "Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990), cert. denied, 502 U.S. 943 (1991)
 
 
 [2]
 This court reviews de novo a district court's decision to dismiss a complaint for ripeness. See Municipality of Anchorage v. United States, 980 F.2d 1320, 1323 (9th Cir. 1992)