JAMES ALLEN CAMPBELL, ROBERT LOUIS PHELAN, AND BRIAN KEITH NICHOLSON, PETITIONERS, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE LEE A. GATES, DISTRICT JUDGE, RESPONDENTS, AND THE STATE OF NEVADA, REAL PARTY IN INTEREST.

No. 31465

JAMES ALLEN CAMPBELL, ROBERT LOUIS PHELAN AND BRIAN KEITH NICHOLSON, APPELLANTS, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 31560

April 9, 1998                    957 P.2d 1141

*William B. Terry, Chartered*, Las Vegas; *Smith and Associates*. Las Vegas; *Stephen Stein*, Las Vegas, for Petitioners/Appellants.

*Frankie Sue Del Papa*, Attorney General, Carson City; *Stewart L. Bell*, District Attorney, and *James Tufteland*, Deputy District Attorney, Clark County, for Respondents/Real Party in Interest.

## OPINION

*Per Curiam:*

After the district court entered judgments of conviction and appellants began serving their sentences, the district court

entered amended judgments of conviction which contained a "no house arrest" provision not found in the original judgments. We conclude that, although the district court could have included such a provision in the original judgments, the court lacked jurisdiction to add this provision to the judgments after appellants began serving their sentences.

## FACTS

On November 20, 1997, the district court entered a judgment with respect to each appellant. Appellants James Campbell and Brian Nicholson were each convicted of one count of conspiracy to commit assault with a deadly weapon, a gross misdemeanor. Appellant Robert Phelan was convicted of one count of battery and one count of obstructing a public officer, misdemeanors. The district court sentenced Campbell and Nicholson to serve nine-month terms in the Clark County Detention Center and sentenced Phelan to serve two concurrent six-month terms in the Clark County Detention Center. Appellants were remanded to the custody of the sheriff after sentencing. Apparently, the sheriff released appellants from jail on an electronic supervision program.

On November 24, 1997, the district court entered an amended judgment with respect to each appellant. The amended judgments duplicated the original judgments with two exceptions. First, the amended judgments corrected a clerical error by stating that appellants entered nolo contendere pleas. The original judgments had erroneously stated that appellants entered guilty pleas. Second, the amended judgments added a "no house arrest" provision.

On December 2, 1997, appellants filed in this court a petition for a writ of mandamus or prohibition and a motion for bail pending decision on the petition. Appellants contended that the district court lacked jurisdiction to add the "no house arrest" provision to the amended judgments. On December 5, 1997, this court entered an order staying those portions of the judgments which provided for "no house arrest." On December 15, 1997, appellants filed a timely notice of appeal from the judgments and amended judgments.

## DISCUSSION

Appellants raise two main issues on appeal. First, appellants contend that the district court lacked jurisdiction to enter the amended judgments specifying "no house arrest" after they began serving their sentences. Second, appellants contend that the district court, in violation of the separation of powers clause, infringed on the executive branch's power in ordering that appel-

lants not be released on house arrest. We conclude, and the state concedes that, under the circumstances of this case, the district court lacked jurisdiction to amend the judgments once appellants began serving their sentences.

NRS 211.250 provides that unless a sentencing court orders otherwise in a particular case, a sheriff may supervise a convicted prisoner electronically instead of confining that prisoner physically in jail. Here, the district court *sua sponte* entered amended judgments without any prior notice or hearing. The district court entered no findings of fact or explanation of why the provision was added, nor did the court offer any explanation for altering the sentences at any hearing or in any other document contained in the record before this court. Moreover, it does not appear that the district court based its decision to amend the judgments on the ground that appellants did not comply with the electronic supervision program. Based on the absence of any other explanation, it appears that the district court realized after entering the judgments and after appellants had begun to serve their sentences that, pursuant to NRS 211.250, the sheriff had the power to release and did release appellants on an electronic supervision program. Thus, it appears that the district court substantively amended the judgments of conviction based on the court's initial misapprehension regarding the legal consequences of the original judgments of conviction.

This court has held that if the district court imposes a sentence " 'within statutory limits, the court will have jurisdiction to modify, suspend or otherwise correct that sentence if it is based upon materially untrue assumptions or mistakes which work to the extreme detriment of the defendant.' " State, Dep't of Prisons v. Kimsey, 109 Nev. 519, 522, 853 P.2d 109, 111 (1993) (quoting State v. District Court, 100 Nev. 90, 97, 677 P.2d 1044, 1048-49 (1984)). The doctrine that permits modification of a sentence does not apply, however, where the district court has misapprehensions about the legal consequences of the sentence. *Id.* (citing Passanisi v. State, 108 Nev. 318, 831 P.2d 1371 (1992); Staley v. State, 106 Nev. 75, 787 P.2d 396 (1990)). We therefore conclude that the court lacked jurisdiction to amend the judgments once appellants began to serve their sentences. We emphasize that this is not a case where the district court explained that it intended to include the "no house arrest" provision in the original judgments but inadvertently neglected to do so.

With respect to appellants' second contention—that the district

court violated the separation of powers clause in ordering that appellants not be released on house arrest—we disagree. As discussed above, NRS 211.250 specifically provides that the district court may order that the sheriff not supervise a prisoner electronically. Therefore, imposing the "no house arrest" provision did not violate the separation of powers clause. *See* Nev. Const. art. 3, § 1, cl. 1.

Appellants also contend that in order for counsel to effectively represent their clients and responsibly address the court, the district court must articulate its reasons for imposing a sentence of incarceration. As support, appellants rely upon People v. Watkins, 613 P.2d 633 (Colo. 1980), and United States v. Brown, 479 F.2d 1170 (2nd Cir. 1973). *Watkins* is inapposite because the rule articulated therein pertains to felony convictions. *Brown* suggests, but does not require, that the district court state its reasons in imposing sentence. We decline to impose such a requirement in this state; this action is best left to the legislature. Therefore, we reject this contention.

Accordingly, we remand this case to the district court with instructions to vacate the "no house arrest" provision of the amended judgments of conviction.[1]

SPRINGER, C. J., dissenting:

The sentencing judge sentenced the three subject convicts to specified terms in jail. As authorized by NRS 211.250[1] the sentencing judge ordered that there be "no house arrest," thus requiring, as provided by the statute, that the "convicted prisoners" be "confin[ed] in the county . . . jail," rather than being allowed to serve their sentences at home.

---

[1]Because appellants have a plain, speedy, and adequate remedy at law on appeal from the amended judgments of conviction in Docket No. 31560, we deny the petition for a writ of mandamus or prohibition filed in Docket No. 31465. *See* NRS 34.170, 34.330.

[1]NRS 211.250 provides:

**NRS 211.250 Prerequisites for electronic supervision.** *Unless the sentencing court otherwise orders* in a particular case, the sheriff or chief of police may supervise a convicted prisoner electronically instead of confining him physically in the county or city jail if:

1. The prisoner has a residential living situation which is capable of meeting the standards set in the general rules and individual conditions for electronic supervision; and

2. The sheriff or chief of police concludes that electronic supervision poses no unreasonable risk to public safety.

(Emphasis added).

NRS 211.250 is very simple and easy to understand. There is no reason to doubt that a sentencing judge has the power, under the statute, to enter an order at any time that the jailer execute the sentence in a manner that confines the prisoners in jail rather than letting them go home. NRS 211.250 places no time limit on the exercise of this power.[2]

It is curious and a bit disconcerting to witness how the majority has been able to ignore the powers given to sentencing judges under NRS 211.250 to prevent this sentencing judge from carrying out the confined-in-jail option provided for in the statute. It makes no sense to me that a jailer and not the judge would be given the power to decide how prisoners must serve their jail sentences—confined in jail or in the comfort of their own homes.

What is more disconcerting to me than this court's unsupported and overly restrictive reading of NRS 211.250 is Deputy District Attorney Tufteland's acting contrary to the position taken by his client, the sentencing judge, and siding with these convicts in their far-fetched claim that the jailer has the power to release them, even though the sentencing judge has ordered otherwise.

The deputy district attorney presents the flimsiest of contrived excuses to justify betraying his client, the sentencing judge. To borrow a word used by the deputy district attorney in arguing against his client's case and in favor of these convicts, the deputy district attorney's position is very "creative." The deputy district attorney goes so far as to argue that once a sentencing judgment is issued under NRS 211.250, the sentencing judge loses the power granted by NRS 211.250 to order that prisoners serve their jail term in jail rather than at home. The deputy district attorney's successful opposition to his client's position is at least partially responsible for this court's clearly incorrect ruling that deprives sentencing judges of their powers under NRS 211.250 to order confinement rather than house arrest.

Deputy District Attorney Tufteland's argument against his client's position is that his client somehow lost the power to order confinement once the written sentencing order was issued. This

---

[2]I can envision, for example, a case in which the judge did not, at the time of sentencing, order that the prisoner be kept in confinement. If later, the judge were to learn that the prisoner had violated the terms of "house arrest" and decided, under the powers granted by NRS 211.250, that it was appropriate to "confine[] him physically in the county or city jail," I believe that just about everyone would agree that a sentencing judge would have the power under the statute to take this action. Under today's decision, however, the sentencing judge loses all control over the sentenced prisoner after the sentencing judgment has been entered, and the jailer, rather than the judge, has total control over how the prisoner will serve the sentencing judge's sentence.

is, of course, nonsense. It should be obvious to anyone that (a) NRS 211.250 places no time limits on a sentencing judge's ordering jail time instead of home time and (b) it is senseless and counterintuitive to say that a jailer's order of house arrest should be able to override a judge's order of confinement.

This would be an entirely different case, of course, if it involved a felony sentencing rather than the misdemeanor sentencing covered by NRS 211.250, which relates only to less-than-felony convictions and the critical question of whether prisoners go free or have to suffer imprisonment in "the county or city jail." Strangely, the majority readily concedes that this court's sentencing case law does not apply to the misdemeanor sentencing involved here and, particularly, that "*Watkins* is inapposite because the rule articulated therein pertains [only] to felony convictions." This concession should put an end to any controversy relating to a sentencing judge's power to require in-jail punishment in misdemeanor sentences. Whereas disposition of a felony convict, once in prison, may be entirely within the jurisdiction of the prison warden, NRS 211.250 specifically grants to sentencing judges in misdemeanor cases the power to order that sentences must be served in jail and not at home.

It really does not make any difference; but it is worth noting that although the sentencing judge's judgment that "corrected a clerical error" was accurately titled an "amended" judgment, his interlineation, "No house arrest" cannot properly be called an "amended judgment." The interlineation was merely an independent *order* issued under the powers given by NRS 211.250, powers that have no statutory or case-law time limitations.

The problem with politically correct court decisions is that we have to live with them afterward. I dissent.