An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT LESLIE STOCKMEIER,
Appellant,
vs.
NEVADA STATE BOARD OF PAROLE
COMMISSIONERS,
Respondent.

No. 61818

**FILED**

APR 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for a writ of mandamus and prohibition. Sixth Judicial District Court, Pershing County; Michael Montero, Judge.

In the action below, appellant sought a writ of mandamus and prohibition based on his contention that the Nevada State Board of Parole Commissioners abused its discretion when it denied him parole due to new and changing allegations raised by the victim and victim's family in numerous parole board hearings. Appellant also asserted that the Parole Board violated separation of powers because its denial of parole based on new allegations was essentially an infringement on the judicial branch's powers.

Having considered appellant's arguments and the appellate record, we conclude that the appellant was not entitled to the writ relief that he sought in this action. *See Reno Newspapers, Inc. v. Gibbons*, 127 Nev. ___, ___, 266 P.3d 623, 626 (2011) (reviewing the district court's denial of a writ petition under an abuse of discretion standard). Appellant's argument that the Parole Board abused its discretion in relying on statements from the victim and victim's family in denying

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11712

parole is without merit. Under NRS 213.1099(2)(e), the Parole Board is required to consider any documents or statements from the victim. *See also* NRS 213.005(3)(c) (defining victim to include the victim's immediate family). This is true even if the statements concern allegations for which the appellant was not charged with or was not found guilty. *See Gometz v. U.S. Parole Comm'n*, 294 F.3d 1256, 1261 (10th Cir. 2002) (recognizing parole board's ability to "make independent findings of criminal conduct and even consider unadjudicated offenses that are connected to the offense of conviction"); *Kajevic v. Baer*, 588 F. Supp. 1061, 1065 (E.D. Mich. 1984) ("The Parole Commission is not restricted to considering information only about the offense for which a prisoner was formally convicted, but may also consider information about the prisoner's total offense." (citations omitted)); *State ex rel. Lipschutz v. Shoemaker*, 551 N.E.2d 160, 162 (Ohio 1990) (affirming parole board's consideration of unadjudicated illegal conduct to determine inmate's pattern of criminal behavior).[1]

Appellant's next argument is that by denying appellant parole based on unadjudicated charges, the Parole Board was infriniging on the powers of the judicial branch and violated separation of powers. *See* Nev. Const. art. 3, § 1 (separating Nevada's government into three separate branches). While the Parole Board is a part of the executive branch, it made no attempt to lengthen the sentence imposed on appellant by the district court, and thus, did not violate separation of powers. *See Nev.*

---

[1]Appellant also argues that the district court abused its discretion in denying the writ due to appellant's failure to cite Nevada caselaw on point. A review of the district court order, however, shows that the district court's denial was not premised on a failure to cite caselaw to support his claim, but simply stated that the caselaw appellant cited did not support his proposition. Thus, this argument is also without merit.

*Dept. of Prisons v. Kimsey*, 109 Nev. 519, 523, 853 P.2d 109, 111-12 (1993) (recognizing that the parole board is part of the executive branch); *Artez v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir. 1982) ("In granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence inside or outside the prison walls."); *Smaldone v. United States*, 458 F. Supp. 1000, 1003 (D. Kan. 1978) (refusing to find a violation of separation of powers because "a decision to grant or deny parole does not modify or otherwise alter a prisoner's sentence"); *Simmons v. Commonwealth of Ky.*, 232 S.W.3d 531, 535 (Ky. Ct. App. 2007) (recognizing parole board as part of the executive branch and holding that denial of parole did not usurp judicial authority); *Padilla v. Utah Bd. of Pardons & Parole*, 947 p.2d 664, 669 (Utah 1997) (finding no violation of separation of powers because "the Board merely exercises its . . . authority to commute or terminate an indeterminate sentence").

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.

_____ Pickering , J.

Pickering

_____, J.

Parraguirre                                    Saitta

cc:     Hon. Michael Montero, District Judge
        Robert Leslie Stockmeier
        Attorney General/Dep't of Public Safety/Carson City
        Pershing County Clerk

