An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
STEPHEN LAWRENCE BOATWRIGHT,
Respondent.

No. 63870

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting respondent Stephen Lawrence Boatwright's motion to correct an illegal sentence and vacating the amended judgment of conviction. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

The State contends that district court erred by (1) considering Boatwright's motion at all because his claim fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence and (2) by finding that the amended judgment changed Boatwright's sentence because the finding was not supported by the record.

A motion to correct an illegal sentence may only challenge the facial legality of the sentence. *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). "An illegal sentence . . . [is] one at variance with the controlling sentencing statute, or illegal in the sense that the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory maximum." *Id.* (internal quotation marks omitted). "[It] presupposes a valid conviction and may not . . . be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence." *Id.* (internal quotation marks omitted). A court lacks jurisdiction to amend a judgment after the defendant begins to serve his

14 - 15290

sentence unless the amendment is made to correct a sentence that was based on untrue assumptions or mistakes that worked to the defendant's extreme detriment. *Campbell v. Eighth Judicial Dist. Court*, 114 Nev. 410, 413, 957 P.2d 1141, 1142-43 (1998).

The district court conducted an evidentiary hearing on Boatwright's motion to correct an illegal sentence. The district court found, among other things, that the amended judgment was entered after Boatwright began to serve his sentence, it substantially increased Boatwright's sentence, and it was not made to correct a clerical error. The district court further found that the judgment was ambiguous and the amended information that it referenced was not determinative as to whether Boatwright was convicted of sexual assault or sexual assault of a child under 14 years of age. The district court concluded that the amended judgment was void because it was entered by a court that lacked jurisdiction and in violation of Boatwright's due process rights. The district court factual findings are not clearly wrong and we conclude that the district court did not abuse its discretion by granting the motion to correct an illegal sentence. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                           Cherry

cc:    Hon. Janet J. Berry, District Judge
Attorney General/Carson City
Washoe County District Attorney
Karla K. Butko
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A