# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK JOSEPH CAMPIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76309

FILED

OCT 31 2019

ELIZABETH A BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of second-degree murder with use of a deadly weapon. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Latoya Woolen was shot in the back of the head while sitting on a block wall in a Las Vegas parking lot. Video surveillance led detectives to Frank Campis, a self-employed professional gambler in his mid-50s who was then residing in Kingman, Arizona. Campis had a history of alcohol abuse but no criminal history other than a burglary conviction in 1984. Campis confessed to sneaking up on Woolen and shooting her, but asserted he had mistaken Woolen for someone else with whom he had a disagreement.

Campis pleaded guilty to second-degree murder with use of a deadly weapon. At sentencing, Campis raised various mitigating factors, including his remorse, lack of criminal history, age, supportive family, struggle with alcoholism, and intoxication at the time of the shooting. But consistent with the State's recommendation, the court sentenced Campis to life with the possibility of parole after 10 years, plus a consecutive term of 8-20 years for the deadly weapon enhancement. The court indicated that

*19-44848*

the State had already taken the mitigating factors into account in crafting the plea deal, noted that the shooting was "one of the most unusual tragedies I've ever seen" in light of Campis's lack of criminal history, and opined that had the case gone to trial, Campis would have been convicted of first-degree murder.[1]

On appeal, Campis argues the district court abused its discretion by sentencing him to a life sentence as opposed to a definite term of years, despite the mitigating factors and without articulating specific reasons for the sentence. We disagree.

District court judges possess wide discretion in sentencing decisions. *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). Typically this court will affirm a sentence that is within the statutory limits so long as the record does not show that the sentence was founded on impalpable or highly suspect evidence. *See Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). This court has previously explained that sentencing courts generally need not articulate on the record the court's reasons for imposing a sentence. *Campbell v. Eighth Judicial Dist. Court*, 114 Nev. 410, 414, 957 P.2d 1141, 1143 (1998). Here, the record reflects that the district court considered Campis's lack of criminal history and the

---

[1]We do not recount the facts except as necessary to our disposition.

other mitigating factors and that the sentence is within the parameters provided by NRS 200.030(5)(a) (punishment for second-degree murder) and NRS 193.165(1)-(2) (penalty for using a deadly weapon).[2] Accordingly, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:   Chief Judge, Eighth Judicial District Court
      Hon. Jennifer P. Togliatti, Senior Judge
      Special Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]Campis also urges this court to overrule precedent and require sentencing judges to articulate on the record the reasons for the term of imprisonment. We decline Campis's request.