# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEIL CHRISTOPHER RUDD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77091

NEIL CHRISTOPHER RUDD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77102

**FILED**

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from two judgments of conviction. In Docket No. 77091, appellant Neil Rudd was convicted, pursuant to a guilty plea, of burglary. In Docket No. 77102, Rudd was convicted, pursuant to a no contest plea, of receiving, possessing, or withholding stolen property. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.[1]

Rudd argues that the district court abused its discretion by not articulating the reasons for running his sentences consecutive to one another. We disagree. District courts exercise wide discretion in criminal sentencing decisions. *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-03313

(2009). Generally, this court will affirm a sentence so long as it is within the statutory range and not founded on impalpable or highly suspect evidence. *See Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976).

Here, the district court sentenced Rudd to a prison term of 24 to 60 months for the stolen property offense and a consecutive term of 24 to 60 months for the burglary offense. Rudd's sentences fall within the range provided by the relevant statutes. *See* NRS 205.060(2) (providing the penalties for burglary); NRS 205.275(2)(b) (providing that an offense involving stolen property valued between $650 and $3,500 is a category C felony); NRS 193.130(2)(c) (providing penalties for a category C felony); *see also* NRS 176.035(1) (providing that district courts have discretion to run sentences consecutively). The record shows the district court endeavored "to determine the appropriate sentence under all of the facts and circumstances in a case" and discussed what made Rudd's crimes "extremely troubling" to the court. Thus, Rudd's claim is belied by the record. Further, this court has previously explained that sentencing courts generally need not articulate on the record the reasons for imposing a sentence. *Campbell v. Eighth Judicial Dist. Court*, 114 Nev. 410, 414, 957 P.2d 1141, 1143 (1998).

Next, Rudd argues that NAC 213.630(3)[2] is unconstitutionally vague and overbroad because it fails to limit the Division of Parole and

---

[2]NAC 213.630(3) provides that

> [n]othing contained in NAC 213.570 to 213.620, inclusive, shall be deemed to restrict the authority of the Chief Parole and Probation Officer, in any

Probation's (the Division) discretion to deviate from the Sentence Recommendation Selection Scale (Sentencing Scale) when recommending a sentence, does not provide adequate notice of what warrants a deviation, and provides no parameters for the deviation. As a result, he argues the PSI amounted to impalpable or highly suspect evidence. This court reviews the constitutionality of laws de novo. *Nelson v. State*, 123 Nev. 534, 540, 170 P.3d 517, 522 (2007). Laws are presumed to be valid, and the burden is on the challenger to make a clear showing of their unconstitutionality. *Id.*

Rudd's overbreath challenge fails because NAC 213.630(3) does not infringe upon constitutionally protected conduct. *See Williams v. State*, 118 Nev. 536, 548, 50 P.3d 1116, 1123-24 (2002). Additionally, Rudd has not shown that NAC 213.630(3) is unconstitutionally vague because it does not encourage discriminatory and arbitrary enforcement. *See Nelson*, 123 Nev. at 540, 170 P.3d at 522. Rather, NAC 213.630(3) merely acknowledges the Division's discretion when making sentencing recommendations and permits deviations when deemed "appropriate." *See Blankenship v. State*, 132 Nev. 500, 510, 375 P.3d 407, 414 (2016) (Nevada's statutory scheme "afford[s] the Division some discretion to deviate from the Sentencing Scale calculations in making a sentencing recommendation in the PSI"). Further, the Division made its recommendation based on Rudd's prior felony

---

case he or she deems appropriate, to make any recommendation concerning sentencing or the continuation or revocation of probation, or any determination described in NAC 213.620, that deviates from the standards contained in those sections.

convictions and revocations from parole and probation, none of which is impalpable or highly suspect evidence. *See id.* at 511, 375 P.3d at 414 (approving of an upward deviation based on the defendant's prior offenses). And the district court did not follow the Division's sentencing recommendation in any event. Thus, we conclude that these contentions are without merit. Accordingly, we

ORDER the judgments of conviction AFFIRMED.[3]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, Sr. J.
Douglas

cc:    Hon. Michael Montero, District Judge
       Humboldt County Alternate Public Defender
       Attorney General/Carson City
       Humboldt County District Attorney
       Humboldt County Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.