IN THE SUPREME COURT OF THE STATE OF NEVADA

QUENTIN DANIEL MOORE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80553

**FILED**

MAY 07 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____ DEPUTY CLERK

*ORDER AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING*

This is a direct appeal from a judgment of conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon, battery with the use of a deadly weapon, discharging a firearm within or from a vehicle, challenge to fight, and being a felon in possession of a firearm. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

The State charged appellant Quentin Moore via information with various crimes based on an argument that took place at a 7-11 convenience store and a fatal shooting in South Reno. In June 2018, Moore and two companions ran into a 7-11 to confront Paul Dobbins and two of his companions. An argument ensued between the two groups involving yelling and cussing. Eventually, the two groups left the 7-11, but no fight occurred. About a week later, Moore and some companions drove to a house party in South Reno. As they approached the house party, Moore saw a person he did not like, got out of the car with a handgun, and began to argue with him. Either Moore or this person challenged the other to "[g]o around the corner," to "[m]eet me at the corner," or to "[g]o to the corner," to which they agreed.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-13150

Dobbins was also at the party with some friends and, at some point, realized that Moore was there. Dobbins grabbed a rifle from a friend's car and walked to the middle of the street. Moore and Dobbins faced each other in the street and gunfire ensued. Once the shooting began, Moore went back to the car he arrived in, stood inside the car with the car door open, and continued discharging his firearm as one of his companions drove the car away. Another of Moore's companions also discharged a firearm from inside of the car and fatally wounded Dobbins.[1] After an 11-day trial, the jury found Moore guilty of all crimes the State charged.

On appeal, Moore argues that insufficient evidence supports his convictions for murder with the use of a deadly weapon and challenge to fight and that the district court abused its sentencing discretion. We begin with Moore's sufficiency of the evidence challenges and then address Moore's challenges to his sentence.

When reviewing the sufficiency of the evidence, we must decide "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (alteration in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

We begin with Moore's conviction of murder with the use of a deadly weapon. When the State presents "alternate theories of criminal liability" to the jury "and all of the theories are legally valid," we will affirm the general verdict even if sufficient evidence only supports one of the theories. *Bolden v. State*, 121 Nev. 908, 913, 124 P.3d 191, 194 (2005),

---

[1]Moore argues and the State concedes that one of Moore's companions fired the shot that fatally wounded Dobbins.

*receded from on other grounds by Cortinas v. State*, 124 Nev. 1013, 1026-27, 195 P.3d 315, 324 (2008).

Here, the State relied upon a theory of aiding and abetting murder with the use of a deadly weapon, among others, to secure a conviction from the jury. NRS 195.020 provides that "[e]very person concerned in the commission of a felony . . . , whether the person directly commits the act constituting the offense, or aids or abets in its commission . . . is a principal, and shall be proceeded against and punished as such." For a trier of fact to properly hold a defendant "accountable for the specific intent crime of another under an aiding or abetting theory of principal liability, the aider or abettor must have knowingly aided the other person with the intent that the other person commit the charged crime." *Sharma v. State*, 118 Nev. 648, 655, 56 P.3d 868, 872 (2002).

Here, Detective Wright, relying upon her written report of her interview with a witness, testified to the jury that Moore walked to the corner and fired at Dobbins.[2] The jury also heard testimony from witnesses that Moore and a companion fired at Dobbins from the threshold of the vehicle Moore arrived in while a different companion drove the car away from the house party. Viewing this evidence in a light most favorable to the State, we conclude that a rational juror could find that Moore aided or abetted murder with the use of a deadly weapon. *See Valdez v. State*, 124 Nev. 1172, 1197, 196 P.3d 465, 481 (2008) ("[T]he jury may infer intent to kill from the manner of the defendant's use of a deadly weapon.").

---

[2]At trial, the witness testified that he did not remember his conversation with Detective Wright. Moore does not otherwise challenge the admissibility of Detective Wright's testimony on appeal. Nevertheless, "it is the jury's function, not that of the court, to . . . determine the credibility of witnesses." *McNair*, 108 Nev. at 56, 825 P.2d at 573.

SUPREME COURT
OF
NEVADA

(O) 1947A

Accordingly, we conclude that Moore is not entitled to relief on this ground and we affirm his conviction for murder with the use of a deadly weapon.

We now turn to Moore's gross misdemeanor conviction for challenge to fight. Under NRS 200.450(1)(a), a person who "gives . . . a challenge verbally or in writing to fight any other person" is subject to punishment for a gross misdemeanor if "the fight does not involve the use of a deadly weapon."[3] We have previously recognized that for a conviction under this statute, the challenge must lead to an actual fight. *Pimentel v. State*, 133 Nev. 218, 225, 396 P.3d 759, 765 (2017) (holding that "NRS 200.450 does not criminalize speech because *without an ensuing fight there is no criminal liability*" (emphasis added)); *Wilmeth v. State*, 96 Nev. 403, 405, 610 P.2d 735, 737 (1980) ("The statute proscribes the conveyance or acceptance of a challenge to fight when such a fight or confrontation results."). Here, the State did not present any evidence that Moore and his companions fought Dobbins and his companions at the 7-11 convenience store. Instead, a witness testified that Dobbins and his companions left the 7-11 without fighting Moore and his companions. Accordingly, we conclude that the State failed to present sufficient evidence to sustain the jury's verdict regarding the challenge to fight charge. We therefore order the district court to vacate Moore's conviction for challenge to fight and the corresponding concurrent sentence of 364 days in the Washoe County jail.

Lastly, Moore also argues that the district court abused its sentencing discretion by not stating factual findings on the record regarding

---

[3]Under NRS 200.450(1)(b), the crime is punishable as a Category B felony if "the fight involves the use of a deadly weapon." When a death results from "such a fight" the crime is punishable as a first degree murder, pursuant to NRS 200.450(3).

Moore's deadly weapon enhancement and by imposing consecutive sentences without articulating its reasoning. We disagree with both contentions.

NRS 193.165(1) requires a district court to consider five factors when determining the length of a deadly weapon enhancement[4] and we have construed that statute to require "district courts to articulate factual findings, on the record, regarding each of the factors" present in the statute. *Mendoza-Lobos v. State*, 125 Nev. 634, 643, 218 P.3d 501, 507 (2009). While Moore is correct that the district court failed to articulate such findings on the record, merely stating that it "considered the factors statutorily," Moore failed to object to the sufficiency of these findings during sentencing. Therefore, we "will grant relief only if [Moore] demonstrates plain error." *Id.* at 644, 218 P.3d at 507. To warrant reversal under plain-error review, Moore must demonstrate "that the error affected his . . . substantial rights, by causing actual prejudice or a miscarriage of justice." *Valdez*, 124 Nev. at 1190, 196 P.3d at 477 (internal quotations omitted); *see* NRS 178.602 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Moore makes no argument on appeal that the district court's failure to elaborate on each factor caused him any prejudice. We therefore conclude that the district court did not plainly err in not stating factual findings on the record regarding Moore's deadly weapon enhancement.

---

[4]These factors are: "(a) [t]he facts and circumstances of the crime; (b) [t]he criminal history of the person; (c) [t]he impact of the crime on any victim; (d) [a]ny mitigating factors presented by the person; and (e) [a]ny other relevant information." NRS 193.165(1).

SUPREME COURT
OF
NEVADA

(O) 1947A

We also conclude that Moore's argument regarding the district court's imposition of consecutive sentences without articulating its reason is unpersuasive. NRS 176.035 does not require a district court to articulate reasons in imposing concurrent or consecutive sentences and we have never imposed such a requirement on district courts. *Campbell v. Eighth Judicial Dist. Court*, 114 Nev. 410, 414, 957 P.2d 1141, 1143 (1998). Rather, we have stated that such "action is best left to the [L]egislature." *Id.* The Legislature has yet to do so, and we decline to impose such a requirement here. Accordingly, we conclude that the district court did not plainly err in imposing consecutive sentences without articulating its reasoning.

Therefore, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.



_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Scott N. Freeman, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk