**Stojilko KAJEVIC, Petitioner,**

v.

**Benjamin F. BAER, et al., Respondents.**

**Civ. A. No. 83–CV–6280–AA.**

United States District Court,
E.D. Michigan, S.D.

June 11, 1984.

Stojilko Kajevic, pro se.

Patricia G. Reeves, Asst. U.S. Atty., Detroit, Mich., for respondents.

## MEMORANDUM OPINION

JOINER, District Judge.

Petitioner Stojilko Kajevic, presently confined at the Federal Correctional Institution at Milan, Michigan (FCI Milan), has filed *pro se* this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a February, 1982 final decision of the United States Parole Commission denying him parole and continuing him to expiration of his sentence.

Petitioner was convicted in the U.S. District Court for the Northern District of Illinois of conspiracy to murder, assault upon a foreign official, illegal manufacture of explosive devices, possession of explosive devices, attempting to destroy property by means of explosives, and transportation of explosives with intent to destroy a building, injure, or kill. On June 22, 1979, he was sentenced under 18 U.S.C. § 4205(b)(2) to twelve years in prison. The sentencing judge, upon motion of Petitioner, subsequently reduced the sentence to ten years in prison.

Petitioner was afforded an initial parole hearing before a panel of hearing examiners on August 28, 1981. The panel assigned Petitioner a salient factor score of 11 and an offense severity rating of Greatest I. Given this salient factor score and offense severity rating, the parole guidelines then applicable[1] indicated service of a range of 40 to 52 months before release on parole. In its hearing summary, the panel recommended presumptive parole after service of 52 months and that Petitioner's case be referred to the Regional Commissioner

for consideration whether it should be designated an original jurisdiction case under 28 C.F.R. § 2.17. By notice of action dated September 11, 1981, the Regional Commissioner designated the case as an original jurisdiction case and forwarded it to the National Commissioners[2] for decision. The notice stated that the case was being designated as an original jurisdiction case since Petitioner's "offense behavior involved unusual and national attention because of the nature of the crime."

By notice of action dated October 30, 1981, the National Commissioners ordered that Petitioner be continued to expiration of his sentence. The notice stated the following reasons for the decision:

Your offense behavior has been rated as Greatest II because you were the ringleader of a terrorist group who plotted and conspired to either kill officials of the Yugoslavian Government or do damange [sic] to property. Specifically, you contructed a bomb which was detonated at the home of the Counsul [sic] for Yugoslavia on December 29, 1975, and on August 8, 1977, three Serbian emigres were killed in Toronto, Canada attempting to dismantle a bomb constructed by you. In addition, there were other planned bombings thwarted by others or law enforcement officials.

You have a salient factor score of 11 (see attached sheet). You have been in custody a total of 30 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 52 plus months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, it is found that your release at this time would depreciate the seriousness of your offense behavior. Commission guidelines for Greatest II severity cases do not specify a maximum limit. Therefore, the

---

1. Revised parole guidelines, 28 C.F.R. § 2.20, took effect January 31, 1983. 48 Fed.Reg. 3595 (January 26, 1983).

2. The National Commissioners are the Chairman of the Commission and the three members of the National Appeals Board. 28 C.F.R. § 2.1(d).

decision in your case is based in part upon a comparison of the relative severity of your offense behavior with the offense behaviors and time ranges specified in the Greatest I severity category.
\* \* \*

Petitioner appealed the decision of the National Commissioners to the full Commission pursuant to 28 C.F.R. § 2.27. By notice of action dated February 9, 1982, the full Commission affirmed the previous decision but slightly modified the reasons previously given:

Your offense behavior has been rated as Greatest II because you were in a terrorist group which plotted and conspired to either kill officials of the Yugoslavian Government or do damange [sic] to property. You have a salient factor score of 11. You have been in custody a total of 34 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 52 plus months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, it is found that your release at this time would depreciate the seriousness of your offense behavior. Commission guidelines for Greatest II severity cases do not specify a maximum limit. Therefore, the decision in your case is based in part upon a comparison of the relative severity of your offense behavior with the offense behaviors and time ranges specified in the Greatest I severity category. You were the ringleader of this group and you constructed a bomb which was detonated at the home of the Counsul [sic] for Yugoslavia on December 29, 1975, and on August 8, 1977, three Serbian emigres were killed in Toronto, Canada attempting to dismantle a bomb constructed by you. In addition, there were other planned bombings thwarted by others or law enforcement officials. \* \* \*

On July 13, 1983, Petitioner was afforded a statutory interim hearing before a panel of hearing examiners pursuant to 18 U.S.C.

§ 4208(h) and 28 C.F.R. § 2.14. By notice of action dated August 18, 1983, the Commission again ordered that Petitioner be continued to expiration of his sentence.

Petitioner raises the following claims in his application for habeas relief:

1. The Parole Commission's finding that Petitioner was the "ringleader" is based on conjecture and not on facts established at trial.

2. The Parole Commission abused its discretion in assigning Petitioner an offense severity rating of Greatest II where the panel of hearing examiners originally assigned him a rating of Greatest I.

3. The Parole Commission unlawfully relied upon false information in the presentence report indicating that Petitioner had attempted to kill a Yugoslavian consul.

4. The Parole Commission's application of the parole guidelines in Petitioner's case was unlawful since he was sentenced under 18 U.S.C. § 4205(b)(2).

5. Persons sentenced under 18 U.S.C. § 4205(b)(2) must be paroled at or before the one-third point of their sentences unless they fail to positively adjust to prison life.

6. The Parole Commission unlawfully based its parole decision on media coverage.

In their answer to the petition, Respondents argue that the Parole Commission did not abuse its discretion in denying parole to Petitioner and request that the petition be denied. Petitioner has filed a reply to Respondents' answer and a "motion to include new information as addendum to habeas corpus action," both of which have been considered by this Court.

■ The scope of this Court's review of a Parole Commission decision is narrow. *Dye v. United States Parole Commission*, 558 F.2d 1376, 1378 (10th Cir.1977). The standard of review is whether the Commission's decision is arbitrary and capricious or an abuse of discretion. *Id.; Billiteri v.*

*United States Board of Parole*, 541 F.2d 938, 944 (2d Cir.1976).

The scope of information the Parole Commission may consider in rendering parole decisions is broad. 18 U.S.C. § 4207 provides:

> In making a determination under this chapter (relating to release on parole) the Commission shall consider, if available and relevant:
>
>> (1) reports and recommendations which the staff of the facility in which such prisoner is confined may make;
>>
>> (2) official reports of the prisoner's prior criminal record, including a report or record of earlier probation and parole experiences;
>>
>> (3) presentence investigation reports;
>>
>> (4) recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge; and
>>
>> (5) reports of physical, mental, or psychiatric examination of the offender.
>
> There shall also be taken into consideration such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available.

*See also* 28 C.F.R. § 2.19. The Parole Commission is not restricted to considering information only about the offense for which a prisoner was formally convicted, *Christopher v. U.S. Board of Parole*, 589 F.2d 924, 932 (7th Cir.1978), but may also consider information about the prisoner's total offense behavior. *Payton v. Thomas*, 486 F.Supp. 64, 68 (S.D.N.Y.1980).

### I

Petitioner's first claim is that the Parole Commission's finding that he was the ringleader of a terrorist group is based on conjecture and not on facts established at trial. This Court finds that the Commission's finding was not based on conjecture but was instead based on a report regarding Petitioner submitted by the U.S. Attorney. The report, which is attached as Ex-

hibit B to Respondents' answer, states in part that "Stojilko Kajevic was the leader of a group of six Serbian nationalists who have engaged in numerous terrorist's [sic] activities throughout the United States. Kajevic and the other defendants were members of a group called S.O.P.O., which is dedicated to the violent overthrow of communism in Yugoslavia and other countries." The Commission's consideration of this report was proper under 18 U.S.C. § 4207 and 28 C.F.R. § 2.19.

### II

Petitioner's second claim is that the Commission abused its discretion in assigning him an offense severity rating of Greatest II where the panel of hearing examiners originally assigned him a rating of Greatest I. Under the guidelines then applicable, a prisoner with a salient factor score of 11 and an offense severity rating of Greatest I was required to serve 40 to 52 months before release on parole, while a prisoner with a salient factor score of 11 and an offense severity rating of Greatest II was required to serve "52 + months" before release on parole. Because the present case was designated an original jurisdiction case under 28 C.F.R. § 2.17, the initial parole decision was made by the National Commissioners. In making their decisions, both the National Commissioners and, on appeal, the full Commission gave Petitioner an offense severity rating of Greatest II and salient factor score of 11. The National Commissioners and full Commission were not required to assign Petitioner an offense severity rating of Greatest I merely because the panel of hearing examiners had done so in making their recommendation regarding Petitioner's presumptive parole date.

### III

Petitioner's third claim is that the Parole Commission unlawfully relied upon false information in the presentence report indicating that he had attempted to kill a Yugoslavian consul. "It is not the function

of the courts to review the credibility of the reports and information considered by the Commission in exercising its discretion." *Payton v. Thomas,* 486 F.Supp. 64, 68 (S.D. N.Y.1980). The only function this Court can fulfill is to insure that Petitioner was afforded his right to review the presentence report and express his objections to it in a meaningful manner. *Butson v. Chairman, United States Parole Commission,* 457 F.Supp. 841, 844 (D.Colo.1978). Petitioner has not alleged in this proceeding that he was denied this right. Therefore, Petitioner is not entitled to habeas relief on this claim. The Court also notes that Petitioner did not specifically raise this claim in his administrative appeal to the full Commission.

### IV

■ Petitioner's fourth claim is that the Parole Commission's application of the parole guidelines was unlawful since he was sentenced under 18 U.S.C. § 4205(b)(2). Persons sentenced under 18 U.S.C. § 4205(b)(2) are eligible for release on parole before the one-third point of their sentences. *Moore v. Nelson,* 611 F.2d 434, 437 (2d Cir.1979). The criteria for determining whether a prisoner should be released on parole are set forth at 18 U.S.C. § 4206(a) and are to be applied without regard to whether a person was sentenced under § 4205(a), (b)(1), or (b)(2). *Hayward v. United States Parole Commission,* 659 F.2d 857, 860–861 (8th Cir.1981), *cert. denied,* 456 U.S. 935, 102 S.Ct. 1991, 72 L.Ed.2d 454 (1982); *Shahid v. Crawford,* 599 F.2d 666, 669–670 (5th Cir.1979). As the Fifth Circuit stated in *Shahid, supra,* at 669–670:

> No different treatment is accorded prisoners serving (b)(2) sentences as opposed to straight time or an 18 U.S.C. § 4205(b)(1) sentence. The legislative history reveals that this was intentional. [T]he standards and criteria [for parole release] are made the same for all federal prisoners without regard to which of the three main sentencing alternatives is utilized by the court. This will

be of significant benefit to the federal correctional institutions because offenders sentenced for similar crimes under similar circumstances will be required to serve comparable periods of incarceration.

S.Rep. No. 94–369, 94th Cong., 2d Sess. 18 (1975), *reprinted in* [1976] U.S.Code Cong. & Admin.News pp. 335, 340.

*Accord, Moore v. Nelson,* 611 F.2d 434, 437 (2d Cir.1979). Under 18 U.S.C. § 4206(a), parole is to be determined "pursuant to the guidelines promulgated by the Commission ✻ ✻ ✻."

■ Petitioner also argues that the Parole Commission usurped the judicial sentencing function and frustrated the sentencing judge's expectations regarding the length of time Petitioner would be incarcerated. This argument is without merit. The Supreme Court has made clear the division of responsibilities between the sentencing court and the Parole Commission intended by Congress. Although the sentencing judge may set a defendant's eligibility for parole at any point up to one-third of the maximum sentence imposed, see 18 U.S.C. § 4205(a), (b), that guarantees only that the defendant will be considered at that time by the Parole Commission. *United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979). "Whether the defendant will actually be paroled at that time is the decision of the Parole Commission." *Id.,* note 15. With regard to the sentencing judge's expectations, the Court stated, "the judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met." *Id.* at 190, 99 S.Ct. at 2243.

### V

■ Petitioner's fifth claim is that persons, such as himself, who have been sentenced under 18 U.S.C. § 4205(b)(2) must be paroled at or before the one-third point

of their sentences unless they fail to positively adjust to prison life. In determining whether to grant or deny parole, the weight to be accorded particular facts pertaining to an individual prisoner rests within the Commission's sole and broad discretion. *Payton v. Thomas,* 486 F.Supp. 64, 69 (S.D.N.Y.1980). "Section 4206 does not state that good institutional adjustment is a major factor in determining whether to parole, but rather only one of many factors. * * * The weight to be given this factor is a matter of discretion and under Section 4206 is considered in conjunction with the 'nature and circumstances of the offense.'" *Hayward v. United States Parole Commission,* 659 F.2d 857, 861 (8th Cir.1981), *cert. denied,* 456 U.S. 935, 102 S.Ct. 1991, 72 L.Ed.2d 454 (1982). *See also Moore v. Nelson,* 611 F.2d 434, 437 (2d Cir.1979) (Rehabilitation "has no special significance for (b)(2) prisoners"). The Parole Commission Reorganization Act, 18 U.S.C. § 4201, *et seq.,* does not indicate that the Commission is obliged to apply the guidelines differently to § 4205(b)(2) prisoners than to those serving regular sentences and does not specify any special considerations that are to apply in determining whether to grant them parole. *Moore v. Nelson, supra,* at 437. Contrary to Petitioner's assertion, the hearing summary attached as Exhibit A to Respondents' Answer shows that the Commission considered his institutional record in rendering its decision. Petitioner is not entitled to habeas relief on this claim.

## VI

Petitioner's final claim is that the Parole Commission unlawfully based its parole decision on media coverage. The record does not support this bald allegation. Although the Commission procedurally designated Petitioner's case as an original jurisdiction case, 28 C.F.R. § 2.17, on the ground that his "offense behavior involved unusual and national attention because of the nature of the crime,"[3] there is no indication whatsoever in the record that the Commission based its substantive parole decision on media coverage.

In sum, Petitioner has failed to show that the Commission abused its discretion or otherwise violated his constitutional or statutory rights.

Accordingly, the petition for writ of habeas corpus is denied. An appropriate order and judgment shall be entered.

---

3. Notice of Action dated September 11, 1981,     attached as Exhibit C to Respondents' Answer.