Charles ZACCOUR, Petitioner,

v.

Benjamin F. BAER, Chairman, U.S. Parole Commission, O. Ivan White, Warden, F.C.I. Petersburg, Respondents.

Civ. A. No. 85–687–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 28, 1986.

Charles Zaccour, pro se.

Raymond S. Jackson, Asst. U.S. Atty., Norfolk, Va., for respondents.

ORDER

DOUMAR, District Judge.

The petitioner in this matter, an inmate at the Federal Correctional Institution at Petersburg, Virginia, seeks a writ of habeas corpus from this Court under 28 U.S.C. §§ 2241 *et seq.* It appears to the Court that all avenues of administrative relief have been exhausted by the petitioner and that the respondents have filed their answer to the petition. The matter is, therefore, ripe for the Court's consideration. For the reasons articulated below, the petition is DENIED.

I.

In December of 1981, the petitioner was convicted in the United States District Court for the Southern District of Florida, of conspiring and attempting to import cocaine. 21 U.S.C. §§ 952(a), 963. He was subsequently sentenced under 18 U.S.C. § 4205(b)(2) to an aggregate prison term of 13 years.

In July of 1983, the petitioner received his initial parole hearing at the Federal Corrections Institution at Ashland, Kentucky. Under the federal regulatory guidelines, *see* 28 C.F.R. § 2.20 (1985), the parole panel rated the petitioner's "offense severity" as Category Six[1] and accorded him a "salient factor" score of 10.[2] By locating these factors on the grid found at 28 C.F.R. § 2.20 (1985), the panel arrived at a "base" guideline that provided for presumptive parole after 40 to 52 months of incarceration. The panel, however, added 6 to 12 months to this base because, according to information furnished by the Assistant United States Attorney who prosecuted

---

1. Criminal acts are categorized under the regulation according to their severity. A Category One offense is one of minimal severity, one of Category Eight is of the maximum severity.

2. The salient factor score is a quantified prediction of parole success; the petitioner's score of 10 is the best possible. 28 C.F.R. § 2.20 (1985).

the petitioner's case, he had failed to appear for court proceedings on similar cocaine charges in the Bahamas. Accordingly, the panel gave the petitioner a presumptive parole date of January 26, 1987. No action was taken by the petitioner following this decision.

The petitioner's parole status was reviewed again on May 8, 1985. At that time, the petitioner sought credit for his outstanding institutional adjustment under 28 C.F.R. § 2.60 (1985). He submitted to the panel letters of commendation from the staff at the prison and evidence that his job performance within the prison had been exemplary. One of the examiners felt that the petitioner's excellent institutional performance warranted a credit for "superior program achievement", thereby advancing the presumptive date the full 8 months allowed under 28 C.F.R. § 2.60 (1985). The other, however, concluded that no award should be made, "based primarily upon the seriousness of [the petitioner's] offense." Summary of May 8, 1985 hearing at 2.

The petitioner appealed this decision administratively, asserting essentially the same claims he asserts before this Court. The National Appeals Board affirmed the prior decisions on August 30, 1985.

## II.

The petitioner raises several specific issues in his petition. He claims that the panel's decisions were contrary to the sentencing judge's intent and beyond the scope of the panel's statutory and regulatory authority.

■ It must first be noted that court review of the Parole Commission's decisions is extraordinarily limited in scope. Because Congress has committed parole decisions, with few exceptions, to the discretion of the Commission, *see United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), this Court can only review those decisions for violations of the "constitutional, statutory, regulatory or

other restrictions" placed on the exercise of that discretion. *Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir.1981), *cert. denied* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982). This Court will not review the merits of the decision itself.

The Court now turns to the specific allegations raised by the petitioner and considers each *seriatum*.

### A. *Failure to act in conformity with intent of sentencing Judge.*

The petitioner's first contention is that the Parole Commission's decision "create[s] an unlawful usurpation of the judicial sentencing function." Petition at 4. The petitioner claims, and the respondents apparently accept, that the sentencing judge in his case intended for the petitioner to be released after 24 to 36 months of incarceration, as indicated in the presentence report.[3] The judge apparently chose to sentence the petitioner under 18 U.S.C. § 4205(b)(2) in order to expedite his parole. Since the respondent does not deny these allegations, this Court must accept them as true. *See Joost v. U.S. Parole Comm'n*, 698 F.2d 418, 419 (10th Cir.1983); *cf. Hospital Building Co. v. Trustees of Rex Hospitals*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).

■ The issue the petitioner now raises in this Court has already been resolved by the United States Supreme Court. In *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), the Court held that a prisoner could not challenge a Parole Commission decision as being contrary to the subjective intent of the sentencing judge. The judge may determine when a prisoner is to be eligible for consideration for parole but, "[w]hether wisely or not, Congress has decided that the Commission is in the best position to determine when release is appropriate...." *Id.* at 188–89, 99 S.Ct. at 2242. Although the Commission is entitled to consider the

---

3. The source of this 24–36 month period is unknown. The petitioner does not challenge his salient factor or offense severity ratings. The

grid at 28 C.F.R. § 2.20 clearly indicates that this combination yields a guideline of 40 to 52 months.

judge's subjective intent, see 28 C.F.R. § 2.19(4) (1985), it is but one factor among many that must be considered in arriving at such decisions. The lack of congruity between the Commission's decision and the judge's subjective intent does not make the former subject to collateral attack. *Addonizio*, 442 U.S. at 190, 99 S.Ct. at 2243.

B. *Refusal to grant superior program achievement award.*

Under 28 C.F.R. § 2.60 (1985), a prisoner who demonstrates superior program achievement "may be considered for a limited advancement of the presumptive date previously set...." 28 C.F.R. § 2.60(a) (1985). "Superior program achievement may be demonstrated in areas such as educational, vocational, industry, or counseling programs, and is to be considered in light of the specifics of each case." 28 C.F.R. § 2.60(b) (1985).

As outlined above, the petitioner entered his May, 1985 hearing armed with outstanding work reports and letters of commendation from a host of prison officials. It is apparent from this material that the petitioner was well-liked by prisoners and prison workers alike. He worked with little or no supervision, and frequently assisted the prison staff, on a voluntary basis, in communicating with Hispanic prisoners who were unable to speak English. It is also apparent that the petitioner regrets his criminal history and wishes to rejoin his family in Columbia.

Motivated by the exceptional nature of the petitioner's acclamation to the prison environment, one of the two examiners recommended that an award of 8 months be made under § 2.60, advancing the petitioner's presumptive date to May 26, 1986. The second examiner, however, was more impressed by the seriousness of the petitioner's offense than by his post-conviction record. The petitioner was, according to this examiner, an "extremely serious international cocaine trafficker." Summary of hearing at 3. "[A]ny further advancement of [the petitioner's] present release date", according to this examiner, "would serve to deprecate the seriousness of the offense and would be an unwarranted windfall...." *Id.*

The petitioner has submitted to the Court a photocopy of a "Notice of Action" apparently granting one Allen Eugene Freeman an award under § 2.60 contrary to the Commission's regulations. He has apparently submitted the document in an attempt to substantiate his claim that the Commission exercises its regulatory authority in an arbitrary and capricious manner. The Fourth Circuit, however, has held that a district court may not review the merits of a particular Commission decision under an abuse of discretion standard. *Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir.1981), *cert. denied* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982). This Court's only task is to determine whether the Commission violated explicit Congressional or regulatory constraints on its decisionmaking power in denying the award in the petitioner's case. *Id.*

█ On this score, the petitioner apparently claims that the Commission considered a factor beyond those deemed appropriate in the language of § 2.60, i.e., the seriousness of the offense giving rise to the incarceration. While the thrust of the regulation is clearly directed at the institutional performance of the inmate, and not the nature of his offense, it is also clear that superior program achievement awards are to be granted "in light of the specifics of each case." 28 C.F.R. § 2.60(b) (1985). This Court reads this language as allowing the Commission to consider the seriousness of the offense when implementing § 2.60. *Accord, Briggs v. United States Parole Comm'n*, 611 F.Supp. 306 (N.D.Ill.1984) (analysis of regulation's history).

This result is further supported by the complete discretion vested in the Commission, by 28 C.F.R. § 2.60(c), in determining the amount of time an individual might be awarded under the preceding subsection. "Upon a finding of superior program achievement, a previously set presumptive date *may* be advanced." 28 C.F.R. § 2.60(c) (1985) (emphasis added). The pe-

 

titioner had no absolute right to an advancement even if his institutional performance mandated a finding of "superior program achievement." This Court cannot, therefore, say that the Commission exceeded the authority vested in it by Congress or the constraints imposed upon it by its own regulations.

### C. Finding that petitioner "failed to appear" unsupported by evidence.

The petitioner also alleges that the Commission erroneously relied on "gossip" in determining that he had failed to appear for a hearing on drug charges in the Bahamas. Under 28 C.F.R. § 2.19(c) (1985), "[t]he Commission may take into account any substantial information available to it ... provided the prisoner is apprised of the information and afforded an opportunity to respond. If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard...."

In this case, the examiners relied upon information contained in a pre-sentence memorandum prepared by the Assistant United States Attorney who tried the petitioner's case. The petitioner asserts, and the respondents do not deny, that this is the sole basis of the examiner's determination of fact.

 It is clearly not the function of the district court to review the credibility of the information considered by the Commission, *see, e.g., Payton v. Thomas*, 486 F.Supp. 64, 68 (S.D.N.Y.1980) (Weinfeld, J.). Further, it is clear that the Commission should be entitled to consider and rely upon a report prepared by the U.S. Attorney's Office, *accord, Kajevic v. Baer*, 588 F.Supp. 1061 (E.D.Mich.1984), particularly when there is no evidence tending to contradict its factual assertions. Such information is, in fact, to be "welcomed" by the Commission in making parole decisions. *See* 28 C.F.R. § 2.19(d) (1985). The petitioner has not drawn the attention of this Court to any evidence at all which might conflict with the Commission's conclusion.

Instead, he relies on the apparent lack of documentary evidence to support the finding. The trier of fact may, indeed, have considered the lack of such documentation in weighing the evidence. This Court, however, cannot say that there was insufficient proof to support the Commission's determination, particularly in light of the petitioner's failure to produce any contradicting evidence.

### III.

For these reasons, the relief sought by the petitioner is hereby DENIED and his petition is DISMISSED.

The petitioner is advised that he may appeal *in forma pauperis* from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, Room 307, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510, which said written notice must be received by the Clerk within thirty (30) days from the date of this order.

IT IS SO ORDERED.