**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

OLIVER M. BOLING,

Petitioner - Appellant,

v.

R. MUNDT, Warden, USP-
Leavenworth; UNITED STATES
PAROLE COMMISSION,

Respondents - Appellees.

No. 07-3109

(D. Kansas)

(D.C. No. 04-CV-3078-RDR)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge**, TYMKOVICH** and **HOLMES**, Circuit Judges.[**]

Oliver Boling, proceeding pro se, appeals the district court's denial of his

petition for writ of habeas corpus under 28 U.S.C. § 2241.  Though now

incarcerated in the United States penitentiary in Lewisburg, Pennsylvania, Mr.

Boling filed the petition while he was a federal prisoner in the United States

---

[*]  This order and judgment is not binding precedent except under the doctrines of the law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH CIR. R. 32.1.

[**]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).

Penitentiary in Leavenworth, Kansas. As we explain in greater detail below, Mr. Boling challenges the decision of the United States Parole Commission (the Commission) to revoke his parole and defer reconsideration of parole beyond the length of time recommended under the Commission's guidelines.

Mr. Boling advances three principal arguments. First, he contends that the Commission violated the Ex Post Facto Clause of the United States Constitution by applying parole regulations in effect at the time his parole was revoked and not those in effect when he was first convicted of a felony. Second, he argues that the Commission abused its discretion by extending his parole revocation beyond the recommendation under its own guidelines. Third, Mr. Boling claims that the Commission impermissibly "double counted" by considering the same conduct to formulate his guidelines range as it did to determine that his re-parole date should exceed the guidelines recommendation. Taking jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order.

I. BACKGROUND

Mr. Boling was convicted of sodomy in the District of Columbia in 1976. In 1983, he was convicted of assault with a dangerous weapon. At that time, a D.C. court sentenced Mr. Boling to a prison term of 23 years and 8 months to 71 years and 6 months. In February 1999, the District of Columbia Board of Parole (D.C. Board) released Mr. Boling, subject to a 48-year period of supervision, until June 2047. Within months of Mr. Boling's release, D.C. authorities arrested Mr. Boling after he allegedly struck his wife with a cane and hit her with his fists.

Assault charges against Mr. Boling were ultimately dismissed. However, on April 13, 1999, the D.C. Board issued a parole violation warrant, citing Mr. Boling's alleged assault on his wife and failure to abide by all laws as a violation of the conditions of his parole.

Mr. Boling's wife moved to Connecticut and obtained a temporary protective order that prevented Mr. Boling from visiting her. Authorities in Connecticut arrested Mr. Boling later in April 1999 after he initiated another encounter with his wife. As a result of that incident, Mr. Boling was convicted of violating a protective order and disorderly conduct, and a Connecticut court sentenced Mr. Boling to a term of imprisonment of approximately one year. Per the terms of the D.C. Board's April 13, 1999, parole violation warrant, the United States Marshals Service transported Mr. Boling back to the District of Columbia after he completed his Connecticut sentence in February 2000. In July 2000, the D.C. Board revoked Mr. Boling's parole and set a hearing date for reconsideration of Mr. Boling's parole. In July 2001, the D.C. Board transferred Mr. Boling to the custody of the Bureau of Prisons.

In December 2003, the Commission held a hearing at which it considered whether to continue Mr. Boling's imprisonment. Among other things, the Commission took note of Mr. Boling's assault of his wife within two months of his release in 1999. After determining that Mr. Boling should not be paroled at that time, the Commission was faced with the task of setting a new date for

reconsideration of Mr. Boling's parole status. The Commission's guidelines calculation yielded a recommended reconsideration date of 48-60 months. However, the Commission concluded that Mr. Boling's return to violent criminal activity indicated that he posed a more serious risk than its guidelines calculations suggested. Accordingly, the Commission's decision, rendered in a Notice of Action dated December 19, 2003 (December 2003 Notice of Action), set a reconsideration date of 72 months.

In March 2004, Mr. Boling filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. His petition challenged the December 2003 Notice of Action. In November 2004, while Mr. Boling's petition was pending before the district court, the Commission held another hearing to reconsider the December 2003 Notice of Action. The Commission considered newly received reports that Mr. Boling had threatened to kill or harm his wife and harm her family on numerous occasions. The Commission also took into consideration the newly reported fact that Mr. Boling had previously attempted to kill his wife by physically attacking her on more than one occasion. In light of this information, the Commission entered a Notice of Action, dated January 5, 2005 (January 2005 Notice of Action), which extended Mr. Boling's parole reconsideration date to December 2018. The January 2005 Notice of Action voided the December 2003 Notice of Action.

-4-

## II. DISCUSSION

Mr. Boling argues that the Commission erred in its December 2003 Notice of Action, which set a 72-month reconsideration date for his parole. First, Mr. Boling claims that the Commission's application of D.C. law in effect at the time of his parole revocation (as opposed to the time at which he committed his crimes) violated the Ex Post Facto Clause of the United States Constitution. Second, he contends that the Commission's upward departure from its own guidelines in setting his parole reconsideration date violated his right to due process of law. Third, he asserts that the Commission erred in relying on the same factors to establish his guidelines range and to depart from that range.

### A. Justiciability

We first consider whether Mr. Boling's challenge to the December 2003 Notice of Action presents a justiciable case or controversy. Mr. Boling's petition before the district court asked the court to vacate the Commission's December 2003 Notice of Action, based upon alleged violations of federal law, and to order a new hearing. While Mr. Boling's petition was pending before the district court, the Commission's November 2004 reconsideration hearing and January 2005 order voided the December 2003 Notice of Action. Thus, Mr. Boling obtained a new hearing before the Commission, though the Commission's decision was obviously not a favorable one for Mr. Boling. Mr. Boling did not amend or seek to withdraw his petition before the district court in light of the January 2005

Notice of Action. The district court considered the merits of Mr. Boling's claims "to [the] extent this action was not rendered moot by the Notice of Action dated January 5, 2005." Rec. doc. 34, at 5.

Respondents have not filed briefs on appeal but argued below that the action was not moot and contended that "petitioner's allegations of constitutional error in the application of the Commission guidelines and in setting of re-parole or reconsideration outside the parole guidelines arguably remain issues for judicial review." *Id.* Indeed, Mr. Boling's arguments on appeal refer mainly to the December 2003 Notice of Action, but they are limited to objections to several of the Commission's standard procedures for calculating the appropriate date for reconsideration of a prisoner's parole status. The Commission followed these procedures in creating the January 2005 Notice of Action, just as it followed them in rendering the December 2003 Notice of Action. Therefore, Mr. Boling's claims effectively attack the January 2005 Notice of Action, even if they do not explicitly refer to it.

Under these limited circumstances, we see no reason to require Mr. Boling to file a new petition and to author new briefs that refer to the January 2005 Notice of Action rather than the December 2003 Notice of Action in order to raise the same constitutional claims. Our decision to consider the merits of Mr. Boling's claims is consistent with this Court's policy of construing pro se pleadings liberally. *See Freeman v. Watkins*, 479 F.3d 1257, 1259 (10th Cir.

2007).  Thus, we proceed to Mr. Boling's claims on appeal.

B. Standard of Review

As we have noted, "judicial review of Parole Commission determinations is quite limited." *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989). "We will not disturb a decision by the Parole Commission 'unless there is a clear showing of arbitrary and capricious action or an abuse of discretion.'" *Gometz v. U.S. Parole Comm'n*, 294 F.3d 1256, 1260 (10th Cir. 2002) (quoting *Soleto v. Hadden*, 721 F.2d 700, 702 (10th Cir. 1983)).  "'The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.'" *Gometz*, 294 F.3d at 1260 (quoting *Misasi v. U.S. Parole Comm'n*, 835 F.2d 754, 758 (10th Cir. 1987)).

1. The Ex Post Facto Clause

Mr. Boling argues that the Commission violated the Ex Post Facto Clause by applying its own guidelines in the December 2003 Notice of Action rather than the appropriate laws in effect when he committed his first offense in 1976.  Like the district court, we "find[] no merit in this contention."  Rec. doc. 34, at 6.

Article I of the United States Constitution provides, in part: "No State shall . . . pass any . . . ex post facto law . . . ."  U.S. CONST. art. I, § 10, cl.1.  The

Supreme Court has explained that the Clause may apply to laws governing parole. *Garner v. Jones*, 529 U.S. 244, 249-50 (2000). However, the Court also explained that when a law "does not by its own terms show a significant risk" of increased punishment, a prisoner "must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Id.* at 255. We agree with the district court that Mr. Boling "fails to demonstrate that the Commission's application of the guidelines subjected [him] to any significant risk of prolonging his incarceration." Rec. doc. 34, at 7.

2. The Commission's Upward Departure

Mr. Boling claims that the Commission upwardly departed from its guidelines in his case "without good cause." Aplt's Br. at 3. The argument underlying Mr. Boling's assertion is that the Commission erred by considering conduct that did not result in a criminal conviction. Like the district court, we hold "[t]here is no legal support for such a claim." Rec. doc. 34, at 8.

3. Double Counting

Third, and finally,[1] Mr. Boling contends that the Commission impermissibly "double counted" his offenses by considering the same conduct to formulate his guidelines range as it did to determine that his re-parole date should exceed the guidelines range. With the January 2005 Notice of Action, the Commission voided the 72-month departure date and replaced it with a 15-year departure date. Nevertheless, Mr. Boling presses forward with the argument, also applicable to the January 2005, Notice of Action that the Commission relied on the same information to set the appropriate guideline range as well as to exceed it.

"Double counting occurs when the Commission justifies a decision beyond the guidelines by relying on the factors for calculating offense severity under the guidelines." *Kell v. Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994). However, we agree with the district court that double counting has not occurred merely because the Commission has used information to make two distinct

---

[1]Mr. Boling offers a number of claims in his appeal that were not raised before the district court, including "judicial biasness [sic], racial profiling by the court, conspiracy by the court, abuse of power by the court, rendering favors to personal interest groups by the court, and undue excessive time by the court[] in responding to petitioners [sic] writ. Racist conduct by the court and trading favors and bribery." Rec. doc. 36. We will not consider these claims because they were not argued in the district court. "It is a general rule that this Court will not consider an issue on appeal that was not raised below." *King v. United States*, 301 F.3d 1270, 1274 (10th Cir. 2002).

determinations. Rec. doc. 34, at 10; *Kell*, 26 F.3d at 1020 (noting that the Commission's consideration of discrete incidents under the guidelines did not preclude it from considering a "pattern" of behavior, which necessitated consideration of the same events, in determining that "reincarceration for a period longer than recommended by the guidelines" was appropriate). We agree with the district court that, in this case, "[t]he Commission departed from its guidelines based on the extent, nature, repetition, and timing of [Mr. Boling]'s assaultive and threatening behavior which was not adequately taken into consideration by the calculation of [Mr. Boling]'s guideline range." Rec. doc. 34, at 10.[2]

## III. CONCLUSION

For reasons provided above, we AFFIRM the district court's order denying Mr. Boling's § 2241 petition for federal habeas relief.

Entered for the Court,

Robert H. Henry
United States Chief Circuit Judge

---

[2] We note that Mr. Boling has filed a motion to submit a supplemental brief. We conclude that supplemental briefing is not necessary in this case and therefore DENY the motion.

-10-