An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT LESLIE STOCKMEIER,
Appellant,
vs.
BOARD OF PAROLE
COMMISSIONERS,
Respondent.

No. 56876

FILED

MAR 2 1 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for writ of mandamus and dismissing a complaint for declaratory relief.[1]  Sixth Judicial District Court, Pershing County; Michael Montero, Judge.

In the action below, appellant sought a writ of mandamus and declaratory relief based on his contention that respondent Board of Parole Commissioners had violated NRS 213.1099(2), which directs respondent to consider certain factors when deciding whether to release a prisoner on parole, by improperly considering testimony presented by the victim's family under two of the statute's subsections.  Appellant argued in part that the testimony was not properly considered under NRS 213.1099(2)(c),

---

[1]This court initially affirmed the district court's order, but on January 31, 2013, we granted rehearing, vacated our previous order of affirmance, and reinstated this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-08495

which directs respondent to consider "[t]he seriousness of the offense and the history of criminal conduct of the prisoner," because the victim's family members' statements did not relate to the actual offense of conviction or to any acts for which he had been charged or which had been adjudicated against him. Additionally, he contended that the testimony could not be considered under both subsection (c) and subsection (e) of NRS 213.1099(2) because to do so constituted impermissible double counting of the evidence.

Having considered the parties' arguments and the appellate record, we conclude that appellant was not entitled to a writ of mandamus or the declaratory relief that he sought in this action. Initially, appellant's contention that unadjudicated or undocumented acts may not be considered in the context of the seriousness of a prisoner's offense or his or her history of criminal conduct lacks merit. See Gometz v. U.S. Parole Com'n, 294 F.3d 1256, 1261 (10th Cir. 2002) ("The [Parole] Commission can make independent findings of criminal conduct and even consider unadjudicated offenses that are connected to the offense of conviction."); Kajevic v. Baer, 588 F. Supp. 1061, 1065 (E.D. Mich. 1984) ("The Parole Commission is not restricted to considering information only about the offense for which a prisoner was formally convicted, but may also consider information about the prisoner's total offense behavior." (citations omitted)); State ex rel. Lipschutz v. Shoemaker, 551 N.E.2d 160, 162 (Ohio 1990) (concluding that unadjudicated illegal conduct was properly considered as part of a prisoner's "pattern of criminal or delinquent behavior").

Moreover, with regard to appellant's double counting argument, a review of NRS 213.1099(2) demonstrates that the subsections set forth therein are not independent factors to be considered in isolation from each other, but instead, are an amalgam of considerations that will necessarily be considered collectively. See Beckworth v. New Jersey State Parole Board, 301 A.2d 727, 733-34 (N.J. 1973) (explaining that a parole board's predictions as to whether there is a reasonable probability that the prisoner will abide by the law and whether release is compatible with the welfare of society should be based on "the aggregate of all of the factors which may have any pertinence," including matters such as the prisoner's criminal record, his or her prior experience on parole, and the circumstances of the offense); see also Ex parte Harris, 181 P.2d 433, 436 (Cal. Ct. App. 1947) (providing that a prisoner's "crime record" is important to determining whether he is a "good parole risk"); State v. Ouimette, 367 A.2d 704, 711 (R.I. 1976) (explaining that a prisoner's past criminal conduct and the seriousness of the offense of conviction are relevant to determining whether an inmate is likely to live lawfully on release). As consideration of these subsections will overlap significantly, respondent necessarily may consider the same evidence in evaluating multiple subsections when it is appropriate to do so.

Because appellant was not entitled to the relief that he sought, the district court did not abuse its discretion or otherwise err by denying appellant a writ of mandamus or by declining to issue declaratory relief. See Reno Newspapers v. Sheriff, 126 Nev. ___, ___, 234 P.3d 922, 924 (2010) (explaining that, while the district court's denial of a writ petition generally is reviewed for an abuse of discretion, this court will

review the denial of a writ petition involving questions of statutory interpretation de novo). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:   Hon. Michael Montero, District Judge
      Robert Leslie Stockmeier
      Attorney General/Dep't of Public Safety/Carson City
      Pershing County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A