FILED
United States Court of Appeals
Tenth Circuit

October 18, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OLIVER M. BOLING,

      Petitioner - Appellant,

v.

CLAUDE MAYE, Warden, USP
Leavenworth; UNITED STATES
PAROLE COMMISSION,

      Respondents - Appellees.

No. 16-3192
(D.C. No. 5:04-CV-03078-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

    Oliver Boling appeals the decision of the United States District Court for the

District of Kansas denying his motion under Fed. R. Civ. P. 60(b) in his 28 U.S.C. § 2241

habeas proceedings.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

[1] Mr. Boling requests a certificate of appealability (COA). But a COA is not necessary
in § 2241 appeals brought by federal prisoners. *See McIntosh v. U.S. Parole Comm'n*,
115 F.3d 809, 810 n.1 (10th Cir. 1997).

Mr. Boling is one of the few federal prisoners still serving time under the pre-Sentencing Guidelines regime. His § 2241 application challenges a December 2003 decision of the United States Parole Commission revoking his parole and setting a reconsideration date beyond the date recommended by its guidelines. The Commission set the later date because it found that Mr. Boling had previously returned to violent activity shortly after being released on parole. He argues that the Commission violated the Constitution's Ex Post Facto Clause because it applied guidelines in effect when his parole was revoked in 2003 rather than the guidelines in effect in 1976 when he committed the first offense for which he was serving time.

We rejected that argument in Mr. Boling's previous appeal of the denial of § 2241 relief. Following *Garner v. Jones*, 529 U.S. 244, 250, 251 (2000), we held that he had "fail[ed] to demonstrate that the Commission's application of the [newer] guidelines subjected him to any significant risk of prolonging his incarceration" beyond what it would have been under the 1976 guidelines. *Boling v. Mundt*, 261 Fed. App'x 133, 137 (10th Cir. 2008) (internal quotation marks and alterations in cited opinion omitted). Mr. Boling predicates his Rule 60(b) motion on the Supreme Court's recent decision in *Peugh v. United States*, 133 S. Ct. 2072, 2078 (2013), which held that the Ex Post Facto Clause is violated when a defendant is sentenced under guidelines promulgated after he committed his criminal act and the new guidelines provide for a higher sentencing range than the regime in effect at the time the offense was committed. He contends that *Peugh* changed the law, rendering our prior decision incorrect and the district court's decision void.

But *Peugh* did not change the applicable law. On the contrary, it endorsed the Supreme Court precedent on which our prior decision relied. *Peugh* repeated its already existing standard, stating that when determining whether there has been an Ex Post Facto Clause violation, "[t]he relevant question is whether the change in law creates a 'sufficient' or 'significant' risk of increasing the punishment for a given crime." *Id.* at 2083 n.4 (quoting *Garner*, 529 U.S. at 250, 251); *see also id.* at 2088 (applying significant-risk standard). This is the same standard we used when addressing Mr. Boling's claim in our 2008 decision. *See Boling*, 261 Fed. App'x at 137.

Mr. Boling's appellate brief also seems to argue that the Commission committed fraud on the district court in the prior proceeding by misstating which guidelines it had used when considering his parole. But he did not present that claim to the district court, so we decline to address it. *See Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991) ("[T]he general rule [is] that an appellate court will not consider an issue raised for the first time on appeal . . . .").

We AFFIRM the district court's denial of Mr. Boling's 60(b) motion, and we DENY Mr. Boling's Application to Proceed without Prepayment of Fees.

Entered for the Court


Harris L Hartz
Circuit Judge

3